UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

TYRONE TAYLOR, JR.,

    Petitioner,

v.                                                Case No. 2:09-cv-118
                                                 HON. R. ALLAN EDGAR

JEFFREY WOODS,

    Respondent.
_____/

## **MEMORANDUM AND ORDER**

Tyrone Taylor, Jr. ("Taylor"), a Michigan state prisoner in the custody of the Michigan Department of Corrections, has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. On May 3, 2004, Taylor entered a plea of nolo contendere in the Circuit Court of Macomb County, Michigan, to a felony charge of assault with intent to commit great bodily harm less than murder in violation of Michigan Compiled Law § 750.84. The criminal charge arose out of a drive-by shooting on the night of August 8, 2003, during which the victim, Clarence Richard Williams, Jr. ("Williams"), was shot with a firearm and wounded in his back. During the police investigation, Williams identified Taylor as the person who shot him.

Taylor entered the nolo contendere plea after the state court held a preliminary examination hearing and decided there was sufficient evidence for the case to be bound over to the grand jury. Taylor was represented by attorney Ronald L. Marsh ("Marsh"). Taylor made the plea of nolo contendere on the advice of counsel as part of a plea agreement that resulted in the dismissal of additional criminal charges. The state court entered the judgment of conviction on June 25, 2004,

1

sentencing Taylor to imprisonment for a minimum of two years up to a maximum of ten years.

In his 28 U.S.C. § 2254 habeas petition, Taylor claims he was deprived of his right to effective assistance of counsel guaranteed by the Sixth Amendment to the United States Constitution. Taylor contends he entered the plea of nolo contendere because his attorney, Marsh, gave him incompetent legal advice. Taylor alleges there was evidence available on May 3, 2004, to refute the criminal charge, including alibi evidence and facts that could have been utilized to challenge the credibility of the victim, Williams. The crime was committed on August 8, 2003, at approximately 8:18 p.m. outside the victim's residence. Taylor alleges he had a viable alibi defense. According to Taylor, when the shooting occurred he was with his mother, Michelle Taylor, and he was admitted as a patient at a local Detroit hospital on August 8, 2003, at 8:30 p.m.

Taylor asserts that attorney Marsh should have advised him to take the case to trial instead of pleading nolo contendere. However, Taylor conveniently overlooks the fact that his nolo plea was part of a comprehensive plea agreement that resulted in the dismissal of other criminal charges pending against him and Taylor received the benefit of the plea bargain.

Taylor's theory is that if he had rejected the plea agreement and taken the case to trial, it is likely he would have been found not guilty and acquitted on the felony charge of assaulting victim Williams with intent to commit great bodily harm less than murder in violation of M.C.L. § 750.84. It is further claimed that attorney Marsh was ineffective for failing to present available the alibi evidence at the preliminary examination hearing which would have tended to prove that Taylor was not at the scene of the drive-by shooting. Taylor argues that he is entitled to equitable tolling of the statute of limitations on his habeas petition based on his claim of actual innocence.

The case was referred to Magistrate Judge Timothy P. Greeley for a report and

recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and W.D. Mich. LCivR 72.1(d). On October 15, 2009, Magistrate Judge Greeley submitted his report and recommendation. [Doc. No. 3]. It is recommended that the habeas petition be denied and dismissed with prejudice on the ground it is time-barred by the one-year statute of limitations in 28 U.S.C. § 2244(d)(1)(A). It is further recommended that a certificate of appealablity be denied under 28 U.S.C. § 2253(c)(2) because reasonable jurists could not find it debatable whether Taylor's habeas claims should be dismissed on the ground that they are time-barred by the statute of limitations in 28 U.S.C. § 2244(d)(1)(A). *Slack v. McDaniel*, 529 U.S. 473 (2000).

The report and recommendation states that Taylor has failed to raise equitable tolling or failed to allege any facts that would warrant equitable tolling of the statute of limitations. Although the report and recommendation addresses the issue of equitable tolling of the statute of limitations based on traditional equitable tolling principles, the report and recommendation does not discus and analyze Taylor's claim of actual innocence under the actual innocence equitable tolling doctrine recognized in *Souter v. Jones*, 395 F.3d 577, 589-90 (6th Cir. 2005).

Taylor objects to the report and recommendation. [Doc. No. 4]. Taylor argues that he is entitled to equitable tolling of the statute of limitations based on the actual innocence equitable tolling doctrine. *Souter*, 395 F.3d at 589-90.

After reviewing the record *de novo*, the Court concludes that Taylor's objection will be denied. His 28 U.S.C. § 2254 habeas petition must be denied and dismissed with prejudice on the ground that it is time-barred by statute of limitations provided in 28 U.S.C. § 2244(d)(1)(A). Moreover, Taylor is not entitled to equitable tolling of the statute of limitations because he has not met his burden of showing that he has a credible claim of actual innocence.

3

The statute of limitations in 28 U.S.C. § 2244(d)(1) is not jurisdictional and it is subject to equitable tolling. *Sherwood v. Prelesnik*, 579 F.3d 581, 587-88 (6th Cir. 2009); *Connolly v. Howes*, 304 Fed. Appx. 412, 417 (6th Cir. 2008); *McSwain v. Davis*, 287 Fed. Appx. 450, 455 (6th Cir. 2008); *Souter*, 395 F.3d at 588; *Dunlap v. United States*, 250 F.3d 1001, 1004 (6th Cir. 2001). Taylor bears the burden of demonstrating that he is entitled to equitable tolling of the statute of limitations. *Connolly*, 304 Fed. Appx. at 417; *Jagodka v. Lafler,* 148 Fed. Appx. 345, 347 (6th Cir. 2005); *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004); *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003).

The statute of limitations in 28 U.S.C. § 2244(d)(1) may be equitably tolled when a habeas petitioner makes a credible claim of actual innocence based on new reliable evidence. *Connolly*, 304 Fed. Appx. at 417; *McSwain*, 287 Fed. Appx. at 458-59; *Knickerbocker v. Wolfenbarger*, 212 Fed. Appx. 426, 431-32 (6th Cir. 2007); *Harvey v. Jones,* 179 Fed. Appx. 294, 297 (6th Cir. 2006); *Souter*, 395 F.3d at 589-90. There is a stringent standard for establishing a credible claim of actual innocence. Actual innocence means factual innocence, not mere legal insufficiency. *Bousley v. United States,* 523 U.S. 614, 623 (1998); *Schlup v. Delo,* 513 U.S. 298, 321 (1995); *Connolly*, 304 Fed. Appx. at 417; *Souter*, 395 F.3d at 590; *Alexander v. Metrish*, 2007 WL 542010, * 9 (W.D. Mich. Feb. 16, 2007). A habeas petitioner may claim actual innocence for purposes of equitable tolling of the statute of limitations even if his conviction was the result of a guilty plea. *Bousley,* 523 U.S. at 623; *Connolly*, 304 Fed. Appx. at 417. The Supreme Court and the Sixth Circuit caution that the actual innocence equitable tolling exception remains rare and may only be applied in extraordinary cases. *Schlup*, 513 U.S. at 321; *Knickerbocker*, 212 Fed.

Appx. at 431; *Souter*, 395 F.3d at 590.

To make out a credible claim of actual innocence based on the facts, Taylor is required to support his allegations of federal constitutional error with new reliable evidence – exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not known or unavailable at the time he entered his plea of nolo contendere. *Schlup*, 513 U.S. at 324; *Connolly*, 304 Fed. Appx. at 417; *Knickerbocker*, 212 Fed. Appx. at 431; *Souter*, 395 F.3d at 590; *Alexander*, 2007 WL 542010, at * 9. Without any such new reliable evidence showing actual innocence, even the existence of a meritorious legal claim of a federal constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow this Court to reach the merits of a prisoner's habeas claim time-barred by the statute of limitations. *Schlup*, 513 U.S. 298, 316; *Connolly*, 304 Fed. Appx. at 417; *Nelloms v. Jackson*, 129 Fed. Appx. 933, 937 (6th Cir. 2005).

If a habeas petitioner is able to present new reliable evidence to support an actual innocence claim, the Court must consider all of the old and new evidence, both incriminating and exculpatory evidence, without regard to whether it would necessarily be admissible under the rules of evidence that would govern at a trial but with due regard to any unreliability of it. Based on this total record, the Court makes a determination about what an objectively reasonable and properly instructed jury would probably decide. The habeas petitioner's burden at the gateway stage is to demonstrate that in light of the new reliable evidence, it is more likely than not that no reasonable juror would find him guilty beyond a reasonable doubt. *Bousley,* 523 U.S. at 623; *Schlup,* 513 U.S. at 327; *Connolly*, 304 Fed. Appx. at 417; *Souter*, 395 F.3d at 590, 598-99.

Taylor's problem is that he fails to clear the initial hurdle necessary to establish a credible claim of actual innocence. The threshold inquiry is whether Taylor has presented new reliable

evidence and facts that raise sufficient doubt about his guilt to undermine confidence in the outcome of the criminal proceeding. *Schlup*, 513 U.S. at 317; *Souter*, 395 F.3d at 590; *Alexander*, 2007 WL 542010, at * 9.

. Taylor has not presented any new reliable evidence to support his actual innocence claim. All of the alleged facts and evidence presented here by Taylor were fully known and available to both Taylor and his counsel when Taylor entered his plea of nolo contendere in the Macomb County Circuit Court on May 3, 2004. When Taylor pleaded nolo contendere on May 3, 2004, he had personal knowledge of all the alleged facts and evidence concerning his alibi defense and the facts that could be used to attack the credibility of the shooting victim, Williams. Because all of the facts and evidence were known and readily available to Taylor when he entered his plea of nolo contendere, and would have been available to Taylor if he had chosen to take the criminal case to trial, none of this is new evidence. Consequently, Taylor fails to make a threshold showing that he has a credible claim of actual innocence based on new reliable evidence. *Connolly*, 304 Fed. Appx. at 417; *Souter*, 395 F.3d at 590.

The Court concludes that Taylor is not entitled to equitable tolling of the statute of limitations because he has not met his threshold burden of showing he has a credible claim of actual innocence based on new reliable evidence. Accordingly, Taylor's objection to the Magistrate Judge's report and recommendation [Doc. No. 4] is **DENIED**. The Court **ACCEPTS and ADOPTS** the report and recommendation pursuant to 28 U.S.C. § 636(b)(1) and W.D. Mich. LCivR 72.3(b). For the reasons expressed in the report and recommendation and in this opinion, the petition for writ of habeas corpus brought under 28 U.S.C. § 2254 shall be **DENIED and**

**DISMISSED WITH PREJUDICE** on the ground that it is time-barred by the statute of limitations provided in 28 U.S.C. § 2244(d)(1)(A).

If petitioner Taylor files a notice of appeal, it will be treated as an application for a certificate of appealability which shall be denied pursuant to 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1); and *Slack*, 529 U.S. at 484. Reasonable jurists could not find it debatable whether Taylor's habeas claims have been properly dismissed on the ground that they are time-barred by the statute of limitations in 28 U.S.C. § 2244(d)(1)(A).

For the same reasons that the Court dismisses the habeas petition, the Court finds there is no good-faith basis for an appeal. An appeal by Taylor from the judgment in this case would be frivolous and not taken in good faith. If Taylor files an application or motion for leave to proceed on appeal *in forma pauperis*, it shall be denied pursuant to 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a).

A separate judgment will enter.

SO ORDERED.

Dated: February 5, 2010.

                                              */s/ R. Allan Edgar*
                                               R. ALLAN EDGAR
                                     UNITED STATES DISTRICT JUDGE